Anna M. HARELSON; Anna M. Harelson, Phd., Inc.; Defined Benefit Plan; Louis A. Rigali; Julianne Rigali, Plaintiffs–Appellees/Cross–Appellants,

v.

MILLER FINANCIAL CORPORATION, a California corporation; Defendant,

and

David O. Wilson, Defendants–Appellants/Cross–Appellees.

Nos. 87–1584, 87–1653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 17, 1987.

Decided May 9, 1988.

As Amended Aug. 22, 1988.

Robert A. Huddleston, Tonsing, Heimann & Huddleston, Danville, Cal., for plaintiffs-appellees/cross-appellants.

Deborah A. Klar and Michael F. Perlis, Pettit & Martin, San Francisco, Cal., for defendants-appellants/cross-appellees.

Before FLETCHER, WIGGINS and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Anna M. Harelson, Anna M. Harelson, Ph.D., Inc. Defined Benefit Plan, Louis A. Rigali and Julianne J. Rigali sued David O. Wilson and others alleging violation of Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77l(1) and other wrongs. The case was tried in the district court without a jury. The court found for the defendant on several counts but gave judgment for the plaintiffs on their Section 12(1) claims, limiting recovery by application of the statute of limitations. Wilson appeals the judgment that he was a seller of the securities; the Rigalis appeal the application of the statute of limitations. We affirm the district court's judgment of liability and hold that the statute of limitations is not a barrier to the Rigali claims. We remand for entry of judgment on these claims.

FACTS

In 1983 Wilson became an agent with Miller Financial Corporation, which was an agent for the Carter Company, a corporation engaged in the business of factoring the claims of doctors. Wilson was paid a commission on promissory notes of the Carter Company which he sold. Louis Rigali heard about the Carter Company from Wilson's brother and made an appointment for himself and his wife to see Wilson, who

met with them on June 22, 1983. Wilson met with Harelson on July 1, 1983 after arranging an appointment in response to her telephone call.

At each of the meetings Wilson used a brochure produced by the Carter Company to explain its program of factoring doctors' claims. He stated that an investor would receive a return of 7 percent over 90 days on the amount invested but that the rate of return could vary from 20 percent annually to 30 to 33 percent annually depending on the company's success. He stated that in the seven-year history of the company it had never failed to pay an investor. He said that he himself had invested in the company. He said that Mr. Carter was a man of substantial means. At the conclusion of each meeting he helped the plaintiffs complete forms by which they invested in exchange for promissory notes of the Carter Company.

Harelson invested $34,500 on behalf of her corporation's Defined Benefit Plan; the Rigalis invested $13,000. Wilson accepted the checks of the plaintiffs. On June 27, 1983 he forwarded the Rigalis' checks to the Miller Financial Corporation. He forwarded Harelson's check on some date after July 1, 1983.

When the Carter Company defaulted the plaintiffs brought this suit on June 25, 1984.

## ANALYSIS

1. *Wilson as a Seller.* David O. Wilson and the archetypal American salesman, Willie Loman, are scarcely distinguishable. On the facts found by the district court, Wilson was a seller within the meaning of § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77l(1). Wilson did not personally seek out the customers, but, like a car salesman, waited for them to come to his place of business. He presented the basic facts necessary to effectuate a sale. His use of a company brochure was typical of any salesman offering a product. He was compensated for the work he did in bringing the sales about.

*SEC v. Rogers,* 790 F.2d 1450 (9th Cir. 1986), relied on by Wilson in this court, is

irrelevant: in that case the district court had found as a fact that the defendant had not been a "salesman." To the contrary, in this case the district court, on the basis of ample evidence, found Wilson was a salesman. He was the "but for cause" of the sale. His participation was far more than de minimis. "He solicited the sale. He was a seller. *Pinter v. Dahl,* — U.S. — [108 S.Ct. 2063, 100 L.Ed.2d 658] No. 86–805, June 15, 1988."

2. *Statute of Limitations.* The statute of limitations began to run when Wilson ceased to participate in the sale. That participation as to the Rigalis did not cease until he delivered their check to Miller Financial Corporation on June 27, 1983. Accordingly, he is liable for the sale to the Rigalis.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED TO ENTER JUDGMENT FOR THE RIGALIS. Costs are to be borne by Wilson.

FLETCHER, Circuit Judge:

I concur in the result.